**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-25606-PCH

JEFFERSON CHAVARRIA RIVERAS,

        Petitioner,

v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, *et al*.,

        Respondents.

_____/

**REPORT AND RECOMMENDATIONS**

THIS MATTER comes before the Court on the United States Department of Homeland

Security's ("Respondent") Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, to

Transfer Venue. (ECF No. 9). This Motion was referred to the undersigned United States

Magistrate Judge by the Honorable Paul C. Huck, Senior United States Senior District Judge,

pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Judge Rules of the Local Rules of the

Southern District of Florida, for a report and recommendations. (ECF No. 4). Having reviewed the

Parties' briefing and the record as a whole, the undersigned recommends that Respondent's Motion

to Dismiss be **GRANTED, in part**, and that this action be **TRANSFERRED** to the United States

District Court for the Middle District of Florida.

**I.    BACKGROUND**

Jefferson Chavarria Riveras ("Petitioner") is a native of Nicaragua. Petitioner entered the

United States without inspection in April 2022. Subsequently, he was detained by United States

1

Border Patrol, issued a Notice to Appear, and released pending removal proceedings. (*Id.*). Thereafter, Petitioner filed an application for asylum, which is pending; his removal proceedings remain ongoing. (*Id.*). In November 2025, while traveling to work, Petitioner was stopped by Florida Highway Patrol and subsequently transferred to the custody of Immigration and Customs Enforcement. (ECF Nos. 1, 10). He is currently detained at the Glades County Detention Center in Moore Haven, Florida, a facility operating under the authority of federal immigration officials through the Krome Service Processing Center, located in the Southern District of Florida. (ECF No. 1).

Petitioner is currently subject to continued detention without eligibility for bond or parole pursuant to recent agency policy. (*Id.*). Under that policy, adopted in or around July 2025 by the Department of Justice and the Department of Homeland Security, individuals who entered the United States without inspection are treated as applicants for admission and subject to mandatory detention under 8 U.S.C. § 1225(b). (*Id.*). Petitioner challenges the legality of his detention, arguing that it is governed by 8 U.S.C. § 1226(a), rather than § 1225(b), and that he is therefore entitled to an individualized bond hearing before an immigration judge. Resolution of this statutory dispute governs the ultimate question of whether Petitioner may seek release from custody pending the resolution of his removal proceedings. The Government argues that resolution of said dispute by this Court would be improper.

## II.     DISCUSSION

The Court has subject-matter jurisdiction over this Petition pursuant to 28 U.S.C. § 2241, which authorizes federal courts to grant habeas relief to individuals in custody in violation of federal law. In the context of challenges to present physical confinement, the Supreme Court has explained that a habeas petition must be brought against the petitioner's "immediate custodian,"

and must be filed in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 442–43 (2004). These rules ensure that a court issuing the writ has authority over the official situated to produce the petitioner and enforce a resulting order. *See id*. at 435–39.

Consistent with these principles, Section 2241 provides jurisdiction to federal courts to review and grant petitions for writs of habeas corpus filed by individuals in the district where the "restraint complained of is had." *See* 28 U.S.C. § 2241(a). Petitioner, who is currently detained at the Glades County Detention Center in Moore Haven, Florida, by federal immigration authorities, challenges the statutory and constitutional basis of his detention. Such claims fall within the core of habeas corpus review. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (recognizing habeas jurisdiction over challenges to immigration detention).

The Government argues that this Court is not the proper forum to entertain Petitioner's application for habeas relief because "the restraint complained of" is in the Middle District of Florida. When a case is filed in an improper forum, the Court may, in the interest of justice, transfer the action to any district in which it could have been brought. *See* 28 U.S.C. § 1406(a); *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001).

Petitioner argues that the Glades County Detention Center, where he is confined, is within the control of the Krome Service Processing Center and that the federal officials responsible for his detention are located in the Southern District of Florida. The Government maintains that Petitioner's immediate custodian is located in the Middle District of Florida. The Supreme Court has rejected attempts to substitute higher-level supervisory officials for the petitioner's immediate physical custodian. *See Padilla*, 542 U.S. at 435. ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."). Legal control refers to supervisory or policy authority over a detainee's

3

custody, whereas the proper habeas respondent is the official with immediate, day-to-day physical control who can produce the petitioner before the court. *See Padilla*, 542 U.S. at 434–35; *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 494–95 (1973).

Although immigration detention involves layered administrative control, the proper respondent remains the official exercising day-to-day control over a petitioner's physical custody. *Id.* The fact that immigration officials in this District may have authority over detention decisions does not displace the default immediate custodian rule. *See Padilla*, 542 U.S. at 435 (rejecting petitioner's argument that the inquiry focuses on officials with merely legal control). While courts have, in limited circumstances, considered the location of officials exercising legal control over a petitioner's custody, the Supreme Court has emphasized that the "immediate custodian" and "district of confinement" rules govern in the vast majority of circumstances. *Id.* at 435–39; *see Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (holding that the jurisdiction for habeas petitions filed by immigration detainees lies in the jurisdiction of confinement); *cf. da Silva v. Nielsen*, No. 18-mc-00932, 2019 WL 13218461 at \*5 (S.D. Tex. Mar. 29, 2019) (noting exceptions to the default rule but observing that "[t]he Supreme Court has not recognized an immigration-related exception" thereto) (citations omitted).

Petitioner maintains that federal immigration detainees are held pursuant to the authority of federal officials rather than the facility warden, relying on *Masingene v. Martin*, 424 F. Supp. 3d 1298 (S.D. Fla. 2020). The Government, by contrast, argues that federal immigration detainees are held by their immediate custodian—here, the warden of the Glades County Detention Center. Petitioner's reliance on *Masingene* here is misplaced, as the ruling there applied to a federal immigrant detainee who was housed in a contract facility; finding that the contract facility warden had "no literal power to produce the petitioner," the court, applying *Padilla*, determined that the

director of the ICE field office responsible for overseeing that facility was the proper respondent to the petition.

As *Padilla* makes clear, the default rule is that the proper respondent in a habeas action challenging present physical confinement is the petitioner's immediate custodian, regardless of whether higher-level officials retain ultimate authority over detention decisions. Ultimately, the Petition and motion briefing set forth inadequate proof that the default rule, here, should be displaced. *See Gayle v. Meade*, 614 F. Supp. 3d 1175, 1235 (S.D. Fla. 2020) (concluding that default rule applied where petitioner failed to satisfactorily prove that his case met an exception to *Padilla*'s default rule).

Because Petitioner is physically detained within the Middle District of Florida, and because the Supreme Court has made clear that habeas jurisdiction lies in the district of confinement and against the petitioner's immediate custodian, I conclude that this District is not the proper forum to adjudicate the petition. *See Padilla*, 542 U.S. at 435; 28 U.S.C. § 2241(a). Rather than dismiss the action, however, the undersigned finds that transfer to the Middle District of Florida is appropriate in the interest of justice. I therefore recommend that this case be transferred to the United States District Court for the Middle District of Florida for further proceedings.

## III.    RECOMMENDATION

Because the undersigned concludes that this case was filed in an improper forum, transfer to the United States District Court for the Middle District of Florida is warranted pursuant to 28 U.S.C. § 1406(a).

Accordingly, I recommend that Defendants' Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, to Transfer Venue, (ECF No. 9), be **GRANTED, in part**, and that this action

be **TRANSFERRED** to the United States District Court for the Middle District of Florida for further proceedings.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrington v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020). Response to objections, if any, must be filed within seven (7) days of service of the objections.

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 29th day of April, 2026.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE